872 F.2d 418
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Winston LLOYD, Petitioner-Appellant,
v.
STATE OF MARYLAND, Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 88-6867.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1989.
Decided March 22, 1989.
 
 Winston Lloyd, appellant pro se.
 Before ERVIN, Chief Judge, and WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Winston Lloyd seeks a certificate of probable cause to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. In his petition Lloyd sought habeas relief on the grounds that (1) he was denied effective assistance of counsel, and that counsel failed to request special jury instructions concerning witness credibility; (2) he was improperly convicted of a handgun violation, because a shotgun was involved; and (3) he was denied the right to cross-examine the state's witnesses.[1] After affording Lloyd the opportunity to show why the claims in this, Lloyd's third habeas petition, should not be dismissed as successive and as an abuse of the writ, the district court dismissed the petition. We find no error and dismiss.
 
 
 2
 Lloyd's claim that he was improperly convicted of a handgun violation, because a shotgun was involved, was raised in a previous habeas petition, dismissed on its merits, and the dismissal was affirmed on appeal. Lloyd v. Maryland, No. 87-7199 (4th Cir. Dec. 16, 1987) (unpublished). The district court concluded that the ineffective assistance and the denial of the right to cross-examine claims were new claims which had not been raised in the previous two petitions. Prior to consideration of the merits of these three claims, however, the district court ordered Lloyd to show cause why the court should consider the two claims allegedly deliberately withheld from the previous two petitions and reconsider the claim which previously had been dealt with on its merits. Lloyd failed to file a responsive answer to the court's order to show cause. The court dismissed the petition as successive and an abuse of the writ.
 
 
 3
 In Sanders v. United States, 373 U.S. 1, 15-18 (1963), the Supreme Court held that a petition for a writ of habeas corpus may be denied based upon a previous adverse determination only if the following criteria are satisfied: (1) the same ground presented in a subsequent application was determined adversely to the petitioner; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent application. See also Rule 9(b), Rules Governing Section 2254 Cases. The Sanders criteria have been met in this case in regards to claim two. Lloyd raised this claim in a prior petition and relief was denied on the merits. Lloyd has not shown that the ends of justice would be served by reaching the merits of this claim again.
 
 
 4
 A district court may also decline to hear the merits of a claim if the petitioner deliberately withheld the claim known to him when a previous petition was filed. 28 U.S.C. Sec. 2244; Sanders, supra, at 17-18. In this case, the district court afforded Lloyd the opportunity to supplement his petition to demonstrate to the court why claims one and three were not raised in a previous federal petition. Lloyd failed to file anything with the district court explaining his failure to raise these two claims in either his first or second federal petitions.[2] We find no abuse of discretion in the district court's subsequent dismissal of the petition.
 
 
 5
 Accordingly, we deny a certificate of probable cause and dismiss the appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 In a later filing in the district court Lloyd disclosed that his petition presented eight additional claims which had not been addressed by the district court. Presumably the eight additional claims were contained in the attachments to the Sec. 2254 form petition submitted by Lloyd. The only reference to these attachments contained in the petition, however, was in the "supporting facts" section of claim three. Under that heading Lloyd had merely stated "see attached sheets." Although the district court could have liberally construed these attached sheets to present distinct claims for relief, we cannot find that the court abused its discretion in failing to do so. An alternative interpretation of these attached sheets, at least in part, was that they were what they were referenced to be; that is, "supporting facts" for Lloyd's claim that he was denied the right to cross-examine the state's witnesses
 
 
 [2]
 In response to the district court's show cause order Lloyd filed the paper referenced in note 1, supra. Even assuming that Lloyd's third petition presented eight additional claims, Lloyd made no attempt in the district court to explain why they were not raised in the previous petitions, or if applicable, why they should be reconsidered. In any event, because the district court only addressed the three claims raised in the petition, Lloyd is not precluded from bringing another habeas action in which the eight claims are properly presented, and, if required, he responsively demonstrates why they should be considered